## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| D.S.S., et al., | |
|         Plaintiff, | Case No.: _____ |
|    v. | Removed from<br>Jefferson Circuit Court<br>Division 9<br>Civil Action No. 20-CI-001491 |
| THE PRUDENTIAL INSURANCE<br>COMPANY, | |
|         Defendant. | |

## PRUDENTIAL'S NOTICE OF REMOVAL

Defendant, The Prudential Insurance Company of America ("Prudential/Defendant"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby files this Notice of Removal with respect to the above captioned case, which was filed and is currently pending in Jefferson Circuit Court, Division 9, Case No. 19-CI-001491. In support of this Notice of Removal, Prudential states the following:

### Timeliness And Background

1.     Plaintiffs ▮▮▮▮▮▮▮ and Javey Brown ("Plaintiffs") commenced a civil action against Prudential on February 27, 2020, by filing a complaint in the Jefferson Circuit Court, Division 9, The lawsuit is recorded on that court's docket as Docket No. 19-CI-001491. There are no other parties named in Plaintiffs' complaint.

2.     Prudential was served on March 16, 2020. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons and Plaintiff's complaint, which constitute "all summons, pleadings, and orders" served upon Prudential in the state court action, is attached hereto as Exhibit A. Because Defendant has filed this Notice of Removal within thirty days of Plaintiffs' service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

3.      In their Complaint, Plaintiffs allege that their late mother, Jacinta C. Malone ("Ms. Malone"), obtained life insurance coverage through her employer Time Warner Cable LLC ("Time Warner"), which was insured by Prudential. (Ex. A., Compl. ¶¶ 1-4, 7.) Plaintiffs allege that Prudential was obligated to pay them certain life insurance benefits under the policy upon Ms. Malone's death. (Ex. A, Compl. ¶ 15.) Ms. Malone died on March 18, 2014. (Ex. A, Compl. ¶ 4.) Plaintiffs allege that they are the designated co-beneficiaries under the policy, and that Prudential wrongfully failed to pay them the life insurance benefits. (Ex. A. *See* Compl. ¶¶ 1-4, 7.)

4.      Plaintiffs allege that Prudential's failure to pay them the insurance proceeds was a breach of contract, breach of fiduciary duty, violation of common law bad faith, and a violation of the Kentucky Unfair Claims Settlement Practices Act (KRS 304.12-230.) (*See* Compl. ¶¶ 15, 17-18.) Plaintiffs seek the life insurance proceeds in the amount of $147,000.00 allegedly due under the policy, pre-and post-judgment interest, court costs, punitive damages, and attorney's fee. (Ex. A, Compl. Prayer for Relief.)

5.      The life insurance coverage at issue was provided under Group Contract No. G-46586-NC between Prudential and Time Warner (Exhibit B, Group Contract and Certificate of Coverage). The plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001, et seq.) (*See* Exhibit B at p. 5.) The life insurance benefits at issue are fully insured by Prudential. (*See* Exhibit B.)  The benefits were provided to Ms. Malone as a benefit of her employment. (Ex. A, Compl. ¶ 7.) Thus, the life insurance benefits Plaintiffs seek in their complaint are life insurance benefits offered by Time Warner to its employees as part of its ERISA governed employee welfare benefit plan.

62935411v.2

**Federal Jurisdiction**

6.        Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7.        ERISA provides an exclusive federal cause of action for participants or beneficiaries in an ERISA plan who bring actions related to the recovery of benefits under an employee benefit plan.  *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355 (2002).

8.        As ERISA provides the exclusive remedy for a claim of benefits, ERISA "completely preempts" any state law claim or remedy based on any wrongful withholding of benefits promised under an employee benefit plan.  *See, e.g., Aetna Health, Inc. v. Davila*, 542 U.S. 200, 220 (2004) (ERISA "completely preempts" any claim or remedy based on wrongful withholding of benefits, including claims with requirements beyond those for recovery under ERISA § 502(a), 29 U.S.C. § 132(a)).

9.        A claim seeking benefits under an ERISA plan that is filed in state court is removable to federal court under 29 U.S.C. § 1441(a) as an action arising under federal law, even where the petition does not on its face allege that it arises under ERISA.  *See, e.g., Metro. Life Ins. Co.*, 481 U.S. at 66 ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) [29 U.S.C. § 1132(a)] removable to federal court;" "All such actions in Federal or State courts are to be regarded as arising under the laws under the United States").

10.        Accordingly, because this action seeks life insurance benefits pursuant to an ERISA-regulated plan, this action arises under federal law (specifically, ERISA § 502(a)(1)(B),

62935411v.2

29 U.S.C. § 1132(a)(1)(B)). The Court thus has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and removal is proper under 28 U.S.C. § 1441(a).

11.    Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

### <u>Alternatively, This Case Is Also Removable Based On Diversity Jurisdiction</u>

12.    Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." 28 U.S.C. § 1332(a); *see also Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995).

13.    In this case, both the "diversity" and "amount in controversy" requirements are met.

### <u>The Parties Are Diverse</u>

14.    As reflected in Plaintiffs' Complaint, Plaintiffs are citizens of the State of Kentucky and State of Texas. (Ex. A. Compl. ¶¶ 2, 3).

15.    Section 1332 defines corporate citizenship as follows: "[f]or the purposes of this section and section 1441 of this title . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…." 28 U.S.C. § 1332(c).

16.    Defendant is incorporated under the laws of the State of New Jersey and its principal place of business is located in Newark, New Jersey. Defendant is not a citizen of the State of Kentucky or the State of Texas. *See id*; 28 U.S.C. § 1332(c)(1).

17.    Thus, Plaintiffs and Defendant are citizens of different states, and this case is "between citizens of different states."  28 U.S.C. §§ 1332(a), (c).

4

## The Amount In Controversy Exceeds $75,000

18.     As specified in § 1446(a), a defendant's notice of removal need include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). The Sixth Circuit has stated that removal is proper if it is "more likely than not" that the amount in controversy exceeds $75,000. *Id.* Indeed, the Supreme Court has instructed that this Court should not decline jurisdiction unless it appears "to a 'legal certainty' that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

19.     Here, it is undisputed that the amount at issue exceeds the jurisdictional $75,000 requirement. Plaintiffs' complaint specifically seeks compensatory damages totaling $147,000.00, pre-and post-judgment interest, court costs, punitive damages, and attorney's fee. (Ex. A, Compl. at Prayer for Relief.)

20.     Thus, on the face of the Complaint, the amount in controversy exceeds the $75,000 amount necessary for establishing diversity jurisdiction. *Owens,* 135 S. Ct. at 554 (2014) ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.")

21.     Accordingly, pursuant to 28 U.S.C. § 1446(c)(2)(a), Prudential asserts that the amount in controversy as alleged by Plaintiffs exceeds the requisite $75,000 threshold for diversity jurisdiction. See 28 U.S.C. § 1332(a).

22.     Based on the foregoing, this Court has diversity jurisdiction over Plaintiffs' claims. See 28 U.S.C. § 1332(a), (c).

23.     This action is removable to this Court. 28 U.S.C. § 1441(a), (b).

## Venue and Notice

62935411v.2

27.     Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 97(b), this Court embraces Jefferson County, the location of Jefferson Circuit Court, Division 9, the place where the removed action had been pending. 28 U.S.C. § 1441(a). Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

28.     Prompt written notice of this Notice of Removal will be sent to Plaintiffs through their counsel, and to the Clerk of Court for Jefferson Circuit Court, Division 9, as required by 28 U.S.C. § 1446(d). A copy of this notice is attached hereto as Exhibit C.

29.     Should Plaintiffs seek to remand this case to state court, Prudential respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides that remand is proper, Prudential asks that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any remand order for interlocutory review by the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendant, the Prudential Insurance Company of America, submits that this action properly is removable based on federal question jurisdiction and diversity and respectfully requests that the above-described action pending against it be removed to the United States District Court for the Western District of Kentucky. Prudential also requests all other relief, at law or in equity, to which it is justly entitled.

62935411v.2

**DATED: April 3, 2020**

Respectfully submitted,

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

By: */s/ Buddy J. VanCleave*_____
      One of Its Attorneys

Buddy J. VanCleave
Quintairos, Prieto, Wood & Boyer, PA
9300 Shelbyville Road, Suite 400
Louisville, KY 40222
Phone: 502-423-6390
Fax: 502-423-6391
Email: buddy.vancleave@qpwblaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have caused a true and correct copy of the foregoing

PRUDENTIAL'S NOTICE OF REMOVAL to be served upon the following, using the Court's

ECF filing system on this 3rd day of April 2020:

> T. Scott Abell
> Abell Rose LLC
> 108 S. Madison Avenue
> Louisville, KY 40243
> (502) 450-5611
> sabell@abellroselaw.com

> By: */s/ Buddy J. VanCleave*
>      Attorney for Prudential

62935411v.2